AMOS WALTON *et al.* v. A. W. OLIVER *et al.*

CORPORATE EXISTENCE — *Contracts* — *Personal Liability of Directors.* Where a charter is duly acknowledged and filed in the office of the secretary of state, naming certain persons as the directors of a corporation for the first year, but no capital stock is ever subscribed or paid, and no other steps are taken to complete the organization, and there is an entire failure upon the part of the incorporators to comply with the provisions of the law for the government of corporations, the organization cannot be said to have such a corporate existence as would authorize its directors to enter into any kind of a contract, transact any business or incur any liability in the name of the corporation; and where a liability or debt is incurred before the organization is completed, the persons assuming to act as directors are personally liable.

*Error from Cowley District Court.*

A SUFFICIENT statement of the case is contained in the opinion.

*Eaton, Pollock & Love,* for plaintiffs in error:

1. The petition of plaintiffs below stated no cause of action and no right of recovery against defendants below. By said petition, it will be seen that there is in this case no claim that the goods furnished the Arkansas City Athletic Association were furnished to these plaintiffs in error, as promoters of said corporation before it had been a body corporate, neither

were they furnished upon any representations made by plaintiffs in error, the defendants below; but the petition shows upon its face that the goods were furnished upon the credit of the Arkansas City Athletic Association; that a part of the purchase-price for said goods was paid by said corporation; and that whatever credit was given by defendants in error, plaintiffs below, was given to said corporation.

There is no allegation in the petition that defendants below, or either of them, promised or agreed to pay the debt of said corporation in any manner, and the petition of plaintiffs below proceeds upon the assumption that the incorporators of any corporation in Kansas simply by a failure to carry out the object and purpose of the corporation and the perfection of the organization, as contemplated by law, would render each of the incorporators individually liable for the debts contracted by said corporation through the instrumentality of any one of said incorporators, or the officer or agent of said corporation acting in the name of said corporation. We contend that such is not the law. Defendants in error, plaintiffs below, when dealing with the Arkansas City Athletic Association, are charged with knowledge of the financial standing and ability of said corporation in itself as a corporation to pay its debts, and, in lending credit to a corporation, cannot assert that such credit was lent upon the ability of the directors of the corporation to pay its debts.

There is no contention in the case at bar that the Arkansas City Athletic Association was not duly and legally incorporated. The articles of association are regular in every respect, and the act of incorporation became complete upon the filing of the certificate of incorporation with the secretary of state of the state of Kansas, which, as shown by the petition of plaintiffs below, was done on the 7th day of April, 1887. *Hunt v. Bridge Company*, 11 Kas. 412. It is well established by the decisions of this court, and by decisions of many other states, that where one contracts with a corporation in the use of its corporate powers and franchises, the corporation alone is liable and not the directors. *Pape v. Capitol Bank*, 20 Kas.

440; *Stafford Bank v. Palmer,* 47 Conn. 443; *Savings Bank v. Walker,* 66 N. Y. 424.

2. But should this court determine that the plaintiffs in error, from the fact of their being directors of said corporation for the first year after its organization, and incorporators of said company, are liable for that reason, yet we maintain that the judgment of the trial court is erroneous, and the demurrer should have been sustained for the further reason that such liability would not be, under the allegations of the petition, joint but several. And this court has determined, in the case of *Abbey v. Dry Goods Company,* 44 Kas. 415, that the liability of stockholders to the creditors of a corporation is several and not joint, and that each must be sued separately.

*Hackney, Shartel & Brown,* and *H. D. Cummings,* for defendants in error:

In the case at bar the plaintiffs in error filed the necessary certificate of incorporation with the secretary of state, but they did nothing either before, nor since, looking to the perfection of that organization, and, for all that appears from the record, they leased some land and got the lumber for nothing from the defendants in error and appropriated it to their own use, and they are now seeking to avoid their obligation to pay for that. Beach, in his work on Private Corporations, § 12, p. 18, asserts "that a substantial compliance with all of the provisions of the enabling act is required. . . . In forming a corporation under a general enabling act, it is necessary that the mandatory provisions of the statutes should be substantially followed." And at § 16, p. 25, he says: "If a corporation be illegally formed, its members or stockholders are liable, as partners, for its acts or contracts; and directors, officers and agents, acting and contracting in its name, render themselves personally liable." Citing, among others, the case of *Hurst v. Salisbury,* 55 Mo., p. 310, which was an action upon a note by the defendants to Hurst, purporting to be the note of the North Missouri Central District Stock, Agricultural and Mechanical Association.

If the failure to file the articles of the incorporation in the state of Missouri with the secretary of state after the perfecting of all other steps necessary to a legal corporation would render the directors personally liable, then we submit that, under the same rule of reasoning, the filing of articles of incorporation in this state, and doing nothing else except to incur the obligations sued on, would certainly make them liable here.

Counsel for plaintiffs in error are mistaken when they assume that the filing of the articles of incorporation renders the organization complete. The case of *Hunt v. Bridge Company*, 11 Kas. 412, does not decide any such thing.

Opinion by GREEN, C.: This action was commenced in the district court of Cowley county by the defendants in error to recover the sum of $295 debt, and $45.40 costs, from the plaintiffs in error, who were alleged to be the directors of the Arkansas City Athletic Association. The petition charged that, after making and filing a charter in the office of the secretary of state, the defendants never perfected the organization of the corporation by opening books for the purpose of receiving subscriptions; that they did not levy and collect any money from themselves, nor adopt any by-laws or other rules for the government of the corporation; that no meeting had ever been called for the election of directors or other officers; that the defendants had failed to comply with any of the requirements of the law for the government of corporations after the articles of incorporation had been filed; that on the 18th day of January, 1889, the plaintiffs recovered a judgment against such corporation for the sum of $295, and $45.40 costs; that an execution was issued upon such judgment and returned "no property found." It was further alleged —

"That after the filing of the said act of incorporation, the defendants assumed to act as such corporation, and for that purpose leased real estate, and purchased of the plaintiffs material and lumber, with which they erected a grand stand or

amphitheater upon said leased ground, to the amount and value of several hundred dollars, and paid to the plaintiffs thereon all but the amount represented by the aforesaid judgment; and in all their dealings with the plaintiffs, dealt in the name of said judgment defendant hereinbefore referred to; and the plaintiffs aver that, knowing of the filing of the aforesaid articles of incorporation, and believing that said defendants were acting in good faith, and that they were complying with the provisions of the laws of Kansas in such cases made and provided in all things, and having no cause to think otherwise, on the faith and credit of these men they sold said lumber and building material to them, and charged it to said corporation of which they were the proprietors and incorporators, by their direction and instruction; that but for all of which the plaintiffs would not have furnished them with said materials and credit; that after said execution had been issued and returned unsatisfied, the plaintiffs applied to these defendants for the names of the officers and stockholders of said corporation, and these defendants declined to furnish either the names or the places of residence, and insolently informed the plaintiffs that there were no officers, no books, no directors, no stockholders, and no subscriptions, and that if the plaintiffs thought they had any remedy looking to the collection of said judgment, interest and costs they were mistaken, etc., and now refuse to give the plaintiffs any information of any kind relative thereto whatsoever; that plaintiffs only learned the foregoing facts after the rendition of the aforesaid judgment."

The defendants filed a demurrer to this petition, which was overruled by the court, and judgment was rendered for the amount prayed for in the petition. The defendants elected to stand upon the demurrer, and bring the case here for review.

It is first urged by the plaintiffs in error that the petition did not state a cause of action; that the petition did not show that the goods furnished, for which the original judgment was rendered, were furnished at the request of the plaintiffs in error before the Arkansas City Athletic Association became a body corporate; but that the petition showed upon its face that the goods were sold upon the credit of the corporation, and that part of the purchase-price of the goods was paid by the corporation. It is further insisted that the Arkansas

City Athletic Association was legally incorporated, and that the organization became complete upon the filing of the charter with the secretary of state. This contention is not sound. The statute only provides that the existence of the corporation shall date from the time of filing the charter, and the certificate of the secretary of state shall be evidence of the time of such filing. (Gen. Stat. of 1889, ¶ 1166.) The statute is silent as to the organization. The rule is well established that a corporation must have a full and complete organization and existence as an entity, and in accordance with the law to which it owes its origin, before it can assume its franchise or enter into any kind of contract or transact any business; and whatever be the mode prescribed by the act of incorporation, a substantial compliance with all the provisions of the law under which it is created is required before the corporation can be said to have such an existence as will entitle it to do business. (4 Am. & Eng. Encyc. of Law, 197, and authorities there cited.) Now it is conceded in this case that nothing was done to perfect the organization after the charter was filed. A corporation cannot act without officers and agents, and it is powerless to do anything until its incorporators or promoters give it the means whereby it can act. The words "organize" or "organization" have a well-understood meaning; and as we construe them they mean the election of officers, providing for the subscription and payment of the capital stock, the adoption of by-laws, and such other steps as are necessary to endow the legal entity with the capacity to transact the legitimate business for which it was created. In this sense the corporation was not fully organized. While it had an existence, the organization was never completed so that the corporation could do business.

In the case of *Hurt v. Salisbury*, 55 Mo. 310, which was an action brought upon a note purporting to have been executed by the directors of an agricultural association, the suit was brought against the directors, upon the ground that the association was not incorporated at the time the note was given, and that the directors were therefore individually

liable. It appeared that the association was not fully incorporated when the note was executed. The law required the charter to be filed with the recorder of the county where the corporation was located, and also in the office of the secretary of state. The charter was only filed with the recorder. The court held that the officers of the corporation had no power to issue the note, and that a note issued and signed by them would bind them personally, and not the corporation. The court said, in speaking of the attempted organization of that corporation:

"It had organized under § 2, chapter 69, General Statutes of 1865, page 367, by signing and acknowledging and recording in the recorder's office of the proper county the articles of association. This step being taken, it was an organized corporation not for the transaction of business but for the purpose of taking the next and last step to complete its authority to transact business and give date to its legal existence. Until the officers took this final and necessary step by depositing and filing in the office of the secretary of state a copy of the articles of association, as they stood recorded in the county, this corporation had no power to issue the note sued on. As it had no power to issue this note, the defendants are undoubtedly liable."

"If a corporation be illegally formed, its members or stockholders are liable as partners for its acts or contracts; and directors, officers and agents acting and contracting in its name render themselves personally liable." (Beach, Priv. Corp., § 16; *Marshall v. Harris,* 55 Iowa, 182; *Kaiser v. Savings Bank,* 56 id. 104; *Coleman v. Coleman,* 78 Ind. 344.)

While, in this case, the charter was filed with the secretary of state, the corporation had no officers outside of the directors named for the first year. No portion of the capital stock had been subscribed and no books opened, as required by ¶ 1173 of the General Statutes of 1889. In fact, nothing had been done to complete the preliminary business of organizing the corporation. We do not understand that a corporation can proceed to the transaction of business without any portion of its capital stock being subscribed or paid. It may have been the English rule, but in the United States it is otherwise.

8—49 KAS.

(Boone, Corp., § 113.) The corporation has no means or capacity to act until some portion of the capital stock named in the charter has been subscribed and paid. Some states have, by a legislative rule, made directors of certain corporations jointly and severally liable for all debts of the corporation, until the whole amount of the capital stock has been paid in. (Rev. Stat. of Wis., 1878, § 1901.)

It is unnecessary for us to consider the other assignments of error, as the view that we take of the liability of the plaintiffs in error is not that of stockholders, and hence the rule laid down in the case of *Abbey v. Dry Goods Company*, 44 Kas. 415, has no application in this case.

The question as to whether or not two of the defendants below were served with summons is not properly raised by the record. The summons is not in the record, and we cannot say whether these two defendants were served or not.

We advise an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.