No. 19,480.

THE CENTRAL NATIONAL BANK OF JUNCTION CITY, *Appellee,* v. C. M. SHELDON et al. (C. K. BOWEN, *Appellant*).

SYLLABUS BY THE COURT.

1. CORPORATION—*Failure to Complete Organization—Liability of Promoters for Debts Incurred.* The partnership liability for debts incurred in the name of a corporation which has not been and never is completely organized extends to all who participate in the corporate enterprise, and is of the same nature as would be imposed if the original plan had been to form a partnership. (*Bank v. Sheldon,* 86 Kan. 460, 121 Pac. 340.)

2. SAME—*Evidence.* The evidence has been examined and is held to justify the findings of the trial court.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed November 6, 1915. Affirmed.

*W. F. Guthrie, E. H. Gamble,* and *R. W. Street,* of Kansas City, Mo., for the appellant.

*Junius W. Jenkins,* of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover on the partnership liability of those who wrongfully acted in a corporate capacity. From a judgment for the plaintiff, defendant Bowen appeals.

This case was before this court on the same state of facts and on substantially the same evidence, in *Bank v. Sheldon,* 86 Kan. 460, 121 Pac. 340. The principal testimony submitted in the present case was a transcript of the testimony given at the former trial, supplemented by a deposition and some other short items of documentary evidence. The additional

evidence does not materially change the facts from those set out in the former opinion.

Defendant Bowen discusses this case upon the theory that no question was concluded by the former appeal, except that the bankruptcy proceedings mentioned therein did not justify an instructed verdict in favor of the defendants on the ground that the bank was estopped thereby. We do not agree with Bowen concerning what was decided on the former appeal. This court there decided that "where a number of persons assume to organize themselves into a corporation and fail to take the steps which are essential to their becoming incorporate they are liable as partners for debts incurred by them in the corporate name" (Syl. ¶ 1), and that this liability extends to all who participate in the enterprise. Because all the evidence was in writing, Bowen asks this court to examine the evidence and not be bound by the findings of the trial court, under *Durham v. C. C. & M. Co.,* 22 Kan. 232, *Cheney v. Hovey,* 56 Kan. 637, 642, 44 Pac. 605, and *Belknap v. Sleeth,* 77 Kan. 164, 93 Pac. 580. We have carefully examined the evidence.

The trial court made extensive findings of fact. We have read these findings and examined the evidence to support them, and our conclusion is that the findings are supported by the weight of evidence where the evidence is contradictory. Where not contradictory there is ample evidence to support the findings. Bowen contends that the evidence does not show that he did anything to incur any debt in the corporate name, and that he did not participate in any corporate enterprise.

The evidence shows that C. M. Sheldon for some time prior to the attempted incorporation had been conducting his business in the name of "The C. M. Sheldon Company." His letterheads and stationery had printed thereon "The C. M. Sheldon Company—Corporations—Financed. Paid-up Capital $100,-000." Sheldon and defendant Bowen are brothers-in-law. Sheldon was interested in several promotion schemes in the development of oil wells. Bowen held stock in some of these schemes which were incorporated. Bowen trusted Sheldon implicitly, and turned over to Sheldon the management of Bowen's interest in these promotion schemes. Bowen gave Sheldon a power of attorney to handle Bowen's stock, and

Sheldon handled this stock as he saw fit. Bowen knew Sheldon was doing business under the name of "The C. M. Sheldon Company." Sheldon concluded to incorporate in this name under the laws of Arizona. He asked Bowen and his wife to become directors in this corporation and to sign the articles of incorporation, which they did. Thereafter Bowen trusted the · entire management and business of the corporation to Sheldon. A few days after the articles of incorporation were filed Sheldon contracted the indebtedness which is the foundation of this suit. Bowen afterward learned of this indebtedness and learned that stock held by him in other companies promoted by Sheldon had been put up as collateral security for the payment of this indebtedness, and made no objection. Bowen assumed that all stock owned by him would be returned by Sheldon, or other investments be made for Bowen, or the money therefor would be paid to him, so as to protect him. These facts we think were sufficient to show that Bowen did participate in the corporate enterprise and in incurring the indebtedness sued on in this case.

The judgment is affirmed.