No. 20,183.

THE HALL LITHOGRAPHING COMPANY, *Appellant*, v. J. E. CRIST et al., *Appellees.*

### SYLLABUS BY THE COURT.

CORPORATION—*Incomplete Incorporation—Promoters Liable as Partners.* All who participate in a project to found a corporation are liable as partners for the debts thereby incurred when the project is abandoned before completion, following *Walton v. Oliver*, 49 Kan. 107, 30 Pac. 172, and *Bank v. Sheldon*, 86 Kan. 460, 121 Pac. 340.

Appeal from Finney district court; GEORGE J. DOWNER, judge. Opinion filed October 7, 1916. Reversed.

*Edwin A. Krauthoff, W. S. McClintock,* and *A. L. Quant,* all of Kansas City, Mo., for the appellant.

*H. O. Trinkle,* of Garden City, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff sued the defendants for the value of certain stationery and supplies for a bank which they had undertaken to establish at McCue, in Finney county, but which project was abandoned before its completion.

On March 10, 1910, certain of the defendants and others met at the town of Friend and determined to start a bank at McCue. To that end, stock subscriptions were made, and an application for a bank charter was executed, naming five of their number as the proposed incorporators, and these five persons signed and acknowledged the application. A charter for the new bank was prepared some time later, naming five of the defendants as directors for the first year and giving a list of the stockholders and the number of their shares of stock. This charter was

signed and acknowledged on May 20, 1910, by five of the defendants. John R. Gunn was one of the promoters of the proposed corporation, and he was one of the signers of both the application and the charter and designated in the charter as one of the directors. He also paid to the secretary of state the charter fee of $39.50 on behalf of the contemplated corporation.

The subsequent facts are in dispute, but it appears tolerably clear that the leadership in the entire matter was assumed by Gunn in the expectation that he would be the cashier of the new bank. He negotiated for a site for the new bank, set about the erection of a bank building, and ordered furniture and equipment for the bank, including the bill of stationery which is the subject of this action. Some of the subscribers paid a portion of their stock subscriptions to Gunn, but the capital subscribed was never paid, the bank commissioner never checked in nor certified the new bank, nor did it ever open its doors for the transaction of banking business. The whole project was abandoned. Some of the defendants informally agreed among themselves that one of their number who had the most money invested in the project should take over the bank building and pay the debts, or some of the debts, pertaining to the abandoned undertaking.

The plaintiff grounds its action against the defendants on the familiar principle of law that all who participate in the preliminary transactions of a proposed corporation which is abandoned before its completion are liable as partners for the debts incurred in the abortive enterprise.

Defendants' answers were mere general denials, but their chief defense was that John R. Gunn contracted this debt without authority from his associates in their project to incorporate and establish the bank, and that it was his individual obligation, not theirs nor the bank's.

The general verdict was for the defendants. Plaintiff appeals, and the gist of its assignment of errors is the net result—that the defendants, having the liability of partners in this proposed corporation, are permitted to escape their responsibilities. The case was tried on defendants' theory that unless authority was granted by them to Gunn to contract this debt on behalf of the proposed corporation they were not liable.

The true rule is founded on a very simple philosophy. A number of persons may undertake to accomplish a certain enterprise, be that to build a house, to run a store, or to found a banking corporation. In any such enterprise they are partners. As such they have all the responsibilities of partners so far as their dealings with third parties are concerned. If they offend against each other they have their several legal remedies. But in their dealings with others in furtherance of their common purpose each partner may bind the partnership. John R. Gunn, a partner in their enterprise to found a bank, contracted this debt in the proposed bank's behalf, and consequently in defendants' behalf. The stationery and supplies were necessary and pertinent to the proposed corporate business and in furtherance of their common purpose. They are therefore liable to the plaintiff. (*Walton v. Oliver,* 49 Kan. 107, 30 Pac. 172; *Bank v. Sheldon,* 86 Kan. 460, 121 Pac. 340; *Bank v. Sheldon,* 96 Kan. 492, 152 Pac. 765.)

Are all the defendants liable? That we can not determine from the record. Those who in any manner participated in the common enterprise to found and establish the bank are liable; and to ascertain that fact the judgment of the district court must be reversed and the cause remanded for a new trial.