Weber Engine Co. v. Alter.

---

No. 26,206.

THE WEBER ENGINE COMPANY, *Appellant*, v. D. S. ALTER, J. W. CRAIG, A. L. NOBLE, J. H. TURNER and D. F. CALLAHAN, Individually and as D. S. ALTER & Co., *Appellees*.

SYLLABUS BY THE COURT.

1. CORPORATIONS—*Organization—De Facto Corporations.* An agreement and declaration of trust considered, and *held,* although an unincorporated company, it is deemed to be a corporation within the meaning of section 6 of article 12 of the constitution, since the agreement under which it is organized and operates gives it powers and privileges not possessed by individuals or partnerships, and, therefore, it could only transact business within the state by conforming to the regulations imposed by statute upon corporations—following *Lumber Co. v. State Charter Board,* 107 Kan. 153, 190 Pac. 601.

2. SAME—*Failure to Incorporate—Liability of Members.* Under articles of association in form of declaration of trust, trustees and shareholders are individually liable for the association's debts, notwithstanding attempted limitation of liability.

Corporations, 14 C. J. pp. 92 n. 42, 118 n. 53, 986 n. 77. Partnership, 30 Cyc. pp. 757 n. 49, 760 n. 82. Statutes, 36 Cyc. p. 1122 n. 49. Trusts, 39 Cyc. p. 34 n. 45; 7 A. L. R. 612; 10 A. L. R. 887; 31 A. L. R. 851; 35 A. L. R. 502.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed April 10, 1926. Reversed.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston*, all of Wichita, *Edmund H. McVey* and *Samuel R. Freet*, both of Kansas City, Mo., for the appellant.

*Chester I. Long, Joseph D. Houston, Austin M. Cowan, Claude I. Depew, James G. Norton, W. E. Stanley* and *W. B. Harms*, all of Wichita, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: This controversy presents two questions: First, whether a "Massachusetts trust" or "business trust" may transact business in this state without corporate license; and second, whether failure to secure corporate license renders those composing such a "trust" liable as individuals for its debts. The action was one to recover from certain of the individuals composing such a trust the purchase price of a gas engine and accessories. The defendants prevailed and plaintiff appeals.

The plaintiff is a corporation with an office in Kansas City, Mo. The defendants, operating under a trust agreement, with office in Wichita, conducted a business, among other things, of manufacturing road materials, of mining, quarrying and road construction. The agreement under which they operated provided for a number of trustees in whom the legal title of the business was vested and who had its exclusive management and control. The trustees were empowered to act under the name of David S. Alter & Co., to adopt by-laws, provide for proper officers, select successors to fill vacancies, and issue certificates of interest to shareholders. The agreement provided that shareholders should have no title to the property; that no shareholder or trustee should be held individually responsible for the debts of the association; that creditors should look to the trust property alone for satisfaction.

A salesman on commission for plaintiff, in Wichita, who had been employed about sixty days, solicited business from the defendants. D. S. Alter, acting for defendants, went to Kansas City to plaintiff's establishment to inspect an engine. The evidence shows that he talked with the general manager of the plaintiff company, and stated that he was associated with defendants Craig and Callahan. Nothing was said with reference to the manner or form of organization under which the defendants were operating. Later, plaintiff's salesman in Wichita procured an order for the

engine and accessories amounting approximately to $5,000. The order was transmitted to the plaintiff at Kansas City and the goods shipped. Afterwards plaintiff's salesman procured from the defendants an order on the regular order blank of the plaintiff as a substitute for the first order. At the time of procuring the substitute order the salesman's attention was directed to the fact that the defendants were operating under a trust agreement and a copy of the instrument was shown him. This information was not conveyed to the plaintiff company. In course of time the defendants sent to the plaintiff a trade acceptance. It was indorsed by plaintiff and sent through for collection. Payment was refused. The order and trade acceptance were signed "David S. Alter & Co., by D. S. Alter, Pres. & G. M." Action was brought against the defendants, alleging that they had purchased the engine and accessories while engaged in a joint adventure or enterprise. Defendants answered, setting up copy of the trust agreement, and denying individual liability. The trial court concluded that the defendants were not liable, either as partners, individuals or trustees.

The plaintiff contends that it is contrary to the intent and policy of the law to permit individuals to secure to themselves by personal contract, or otherwise, the benefit of corporate exemptions without compliance with the requirements of the corporation law; that an association such as that under which defendants operated must be classified and treated as a corporation; that parties attempting to form such an association must comply with the statutes providing the manner in which corporations may be organized; that business trusts, as such, are unauthorized by our law and have no legal standing in this state; that those composing them are individually liable for their debts.

On the other hand, defendants contend that while such an association is to be treated and classed as a corporation, it is not bound to comply with the statutes relating to the organization of corporations, and that its members could, and did in this instance, exempt themselves from personal liability.

A declaration of trust, similar in many respects to the one involved here, was considered in *Lumber Co. v. State Charter Board,* 107 Kan. 153, 190 Pac. 601. The case concerned an application by the lumber company to the state charter board for permission to sell its stock and securities. The permit was refused and mandamus proceedings instituted by the lumber company to compel its issuance. The court said:

"The trust, although an unincorporated company, is deemed to be a corporation within the meaning of section 6 of article 12 of the state constitution, since the agreement under which the company is organized gives it powers and privileges not possessed by individuals or partnerships." (Syl. ¶ 2.)

In the opinion it was said:

"To meet the requirements of our law the company must bring itself within the rules applicable to corporations and conform to regulations imposed by statute on corporations. . . . Within the rule of the constitution the organization is to be regarded as a corporation. Many statutory provisions have been enacted for the organization and regulation of corporations which are wholly inconsistent with the organization and plan of the plaintiff company, and with which it will be manifestly unable to conform. For this reason the writ of mandamus applied for is denied." (p. 160.)

A motion for rehearing disclosed that the "trust" desired only to sell shares of its stock within the state and not "to transact business" within the accepted meaning of that term, whereupon the writ was allowed.

The subject was again considered in *Harris v. Oil Co.*, 110 Kan. 532, 204 Pac. 754. There judgment had been rendered against the association as a foreign corporation on publication summons. It moved to vacate the judgment for want of jurisdiction, and sought to overrule the decision in the lumber company case, but the court said:

"This court has already decided that an organization of the character of the defendant is deemed to be a corporation within the meaning of the Kansas law making permission from the charter board necessary to enable a corporation to do business in this state. (*Lumber Co. v. State Charter Board,* 107 Kan. 153, 161, 190 Pac. 601, 10 A. L. R. 879.) The defendant urges, however, that that case is out of harmony with decisions in other states and with the reason of the matter, and ought to be overruled. The effect of the decision was to hold that an organization in the form known as a 'Massachusetts trust' is subject to regulation and control under existing statutes regarding corporations. A regular session of the legislature has since been held without making any change in the law as so interpreted. This implies legislative acceptance of the policy of regulating organizations such as the defendant and gives room for the presumption that, if the existing law had been otherwise interpreted, such regulation would have been provided by new legislation—a special reason why the decision should not be overturned except upon the strongest grounds." (p. 533.)

It was held that:

"In a proper case service by publication may be had upon a 'Massachusetts trust' which is not a resident of this state, as a foreign corporation." (Syl. ¶ 2.)

The question also came before the court in *Hamilton v. Young,* 116 Kan. 128, 225 Pac. 1045, an action to recover on a promissory

Weber Engine Co. v. Alter.

note. Charles and Young had executed the note as president and secretary of the company. It was held that the negotiable instruments law exempted them from personal liability.

The defendants argue that while they are an association to be treated and classed as a corporation, that they were not bound as such to comply with the statutes relating to the organization of corporations; that there is a fundamental distinction between an association and a corporation, giving to the latter word its ordinary meaning, which is that an association is a nonchartered body not dependent upon the sovereign power for its existence, while a corporation can only exist by virtue of a charter issued by a sovereign power; that, obviously, by the term association, as used in section 6 of article 12 of the constitution, was meant an association as known at the common law such as the one in question, and that these associations require no authority from the state to organize and exist; that they exist by reason of the declaration and agreement of the parties creating them; that a corporation, as the word is ordinarily used, is a creation of the state and can exist only by reason of a grant of power from the state, but a corporation, as defined by the constitution, includes not only those corporations created by the statute, but associations (like defendant) created by the agreement of the parties; that the common law is made a part of the laws of this state (R. S. 77-109); that inasmuch as there has been no statute or constitutional provision passed prohibiting such associations, they have the same right to organize and exist as they had at common law.

We do not concur in the contention of the defendants. The constitution provides that, "The term 'corporation' shall include associations and joint stock companies"; and that "corporations may be created under general laws." The legislature has defined the sole manner in which they may be created:

"Persons seeking to form a private corporation under the laws of the state of Kansas shall make application to the state charter board, upon blank forms supplied by the secretary of state, for permission to organize a corporation. The application shall set forth: (1) The name desired for the corporation. (2) The name of the post office where the principal office or place of business is to be located. (3) The full nature and character of the business in which the corporation proposes to engage. (4) The names and addresses of the proposed incorporators. (5) The proposed amount of the capital stock. Such statement shall be subscribed by all of the proposed incorporators." (R. S. 17-402.)

"Where a statute directs the performance of certain things in a particular manner, it forbids by implication every other manner of performance." (36 Cyc. 1122.)

That is to say, we have a law which recites that corporations may be formed by compliance with specific requirements. The recitation is a clear denial of the right to organize a corporation in any other manner. Corporations are the creatures of the state. The right to create them is a sovereign right. In 1 Fletcher's Cyclopedia of Corporations, 343, it is said:

"The right to be a corporation is not a natural or a civil right of any person, but it is the general law that the creation of corporations is dependent upon the consent of the sovereign power." (See, also, 1 Cook on Corporations, 3; 14 C. J. 49.)

As compensation for their privileges, corporations have substantial burdens to bear. For instance, they are subject to supervision by the state; they pay fees for incorporation; they make detailed reports to the state, and pay special taxes. In return, the state has given to their shareholders the privilege to engage in business without personal liability, provided they comply with the corporate law in the organization and conduct of the business. The law is strict concerning them. It requires an accurate statement of the capital, the recording of the articles, and safeguarding of the public in its dealings with them in various ways. It requires proof that the capital of the corporation has been paid in before it is permitted to do business. It provides means by which those who purchase stock therein may know that the proceeds of the purchase go into the capital of the company. It discloses a policy designed to protect the public against loss in the transaction of business with them. These purposes of the law may be circumvented if associations of the kind under consideration are permitted to secure exemption from personal liability for their membership without compliance with the provisions of law. Such a situation was never contemplated. It is contrary to the intent of our constitution and laws.

The statutes require corporations to file annual reports. (R. S. 17-701 et seq.)

"All educational, religious, scientific and charitable corporations, and all banking, insurance, building and loan associations or corporations and all corporations which are not organized or operated for pecuniary profit which are not doing business for pay, are exempt from the provisions of this act: Provided, That no other corporations doing business in this state shall be exempt." (R. S. 17-710.)

Weber Engine Co. v. Alter.

All corporations, except those specifically mentioned, should conform to these requirements of the law.

The object of the trust agreement is to secure to those associated thereunder the advantages of corporations with freedom from the restrictions and regulations imposed upon corporations.

"It is a matter of common knowledge that, for most business and financial purposes, all the larger organizations of this sort have for years been indistinguishable from corporations. One might almost say that they are a device under which parties make their own corporation code. Business concerns so organized have come to occupy a large field in industry and in finance." (*Malley v. Howard,* 281 Fed. 363, 370.)

Washington has a constitutional provision respecting corporations similar to ours. In *State, ex rel., v. Hinkle,* 126 Wash. 581, it was said:

"Under the mandatory provisions of the constitution, the so-called common-law trust is prohibited from doing business within this state. Our corporation laws are sufficiently broad to include every desired form of organization, and there is no reason for resorting to this form of organization except for the purpose of avoiding the payment of the fees, assessments and taxes imposed upon corporations in general, and to avoid their statutory regulations. It would seem that the framers of our constitution anticipated such tendency, and wisely provided that the term 'corporations' should include 'all associations and joint stock companies having any powers or privileges of corporations not possessed by individuals or partnerships,' and thereby prevented the formation of the self-organized associations of every kind for the purpose of transacting business without meeting the obligations and complying with the statutory regulations of corporations. The plaintiffs have no legal status in this state, and are without legal standing in this court."

We deem it unnecessary to discuss various questions or to analyze the many cases that have dealt with the subject under consideration. It received serious consideration in *Lumber Company v. State Charter Board* and *Harris v. Oil Co.,* supra. (See, also, notes on Massachusetts Trust, 7 A. L. R. 612, 10 A. L. R. 887, 31 A. L. R. 851, 35 A. L. R. 502; *State, ex rel., v. Hinkle,* 126 Wash. 581; *Thompson v. Schmitt,* 274 S. W. 554 [Tex.]; *Victory Refining Co. v. City National Bank,* 274 S. W. 561 [Tex.]; *Hollister v. McCaney,* 274 S. W. 562 [Tex.]; *Howe v. Keystone Pipe & Supply Co.,* 274 S. W. 563 [Tex.]; *Brown v. Gorman Home Refinery,* 276 S. W. 787 [Tex.]; *Roller v. Madison,* 172 Ky. 693; "Shareholders in Business Trusts," vol. 18, The Lawyer and Banker, p. 364; *Willey v. W. J. Hoggson Corporation,* 106 So. 408 [Fla.]; *Reilly v. Clyne,* 234 Pac. 35 [Ariz.], 40 A. L. R. 1005; *Hecht v. Malley,* 265 U. S. 144,

68 L. Ed. 949; *Burk-Waggoner Oil Ass'n v. Hopkins,* 46 Sup. Ct. 48, 70 L. Ed. 67; *State v. Paine,* 243 Pac. 2 [Wash.].)

'We conclude that the organization of "Massachusetts trusts" or "business trusts" should be limited to the purposes allowed to private corporations under general laws. They should be required to pay the same fees, proceed in the same manner to secure their authority to transact business either foreign or domestic, and be subject to all other corporate supervision and regulation; that such associations organized without authority of the state, and outside the pale of the corporate law, are not entitled to, and cannot assume special privileges and exemptions which accompany the seal of the state in the granting of charters to corporations. Individuals cannot secure to themselves the benefits of corporate law without complying with its obligations.

The result in the instant case is that while the defendants did not attempt to organize a corporation, they have done those things which place them in precisely the position of parties who begin the organization of a corporation, accumulate debts in the process, but never complete organization. The defendants associated themselves together for the purpose of engaging in business for profit. In that business they incurred this debt. There are two ways only by which persons may escape liability for debts when engaged in a business enterprise for profit—one by complying with the corporate law of the state, the other by means of a limited partnership. Where persons seek to incorporate and fail to comply with the requirements of the law they are individually liable. (*Walton v. Oliver,* 49 Kan. 107, 30 Pac. 142; *Bank v. Sheldon,* 86 Kan. 460, 121 Pac. 340; Id., 96 Kan. 492, 152 Pac. 765; *Lithographing Co. v. Crist,* 98 Kan. 723, 160 Pac. 198.)

The judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff.

BURCH and MASON, JJ., concur in the result.

MARSHALL, J. (concurring specially): I concur in the conclusion reached for the following reasons: D. S. Alter & Co. is not a corporation because it has not been organized as such. The defendants did not attempt to organize a corporation. For that reason the law governing corporations in their dealings with third parties cannot be applied to the transaction involved in this action. D. S. Alter & Co. is an association of individuals. The only ap-

Stillie v. Stillie.

plicable laws governing the business transactions of the associations of men are those which concern partnerships. Under the "declaration of trust" now being considered, "the trustees shall hold all money and property, real, personal or mixed, which they shall in any manner acquire as such trustees, together with the proceeds thereof, in trust, to manage and dispose of the same for the benefit of the holders from time to time of the certificates for shares issued and to be issued hereunder as hereinafter provided." The trustees are named by those beneficially interested in the trust to act for them in the management of the trust property and business; in other words, the trustees are agents. If this association of persons is a partnership, it is what is called a limited partnership. Such a partnership may be organized under the laws of this state. (R. S. 56-101 to 56-121.) It is not shown that the declaration of trust under consideration was filed with the county clerk of Sedgwick county. By the failure to file the declaration of trust with the county clerk, the association became a general partnership. The trustees, being partners, had power under the law to contract, and all the members are liable thereunder.