Linn v. Houston.

No. 27,104.

Donald W. Linn, *Appellant,* v. P. S. Houston, J. E. Wheeler, J. A. Stinson, Fred J. Quinn, George C. Coddington, Warren Howland, A. C. T. Geiger, The Quinn Oil Company, Charles A. Rodenbeck, as Administrator, etc., and The Quinn Oil Company, a Trust Estate, *Appellees.*

### SYLLABUS BY THE COURT.

1. Trusts—*Common-law Trust—Individual Liability for Breach of Contract.* Where a common-law trust was organized and a board of trustees selected to conduct its business affairs and the trustees so chosen entered upon their duties and selected a business name for the trust and selected one of their number to manage its affairs, and the trust thereafter breached a contract with plaintiff who had no notice of the limitations of liability the organizers of the trust had specified in the trust agreement (if these had any virtue, which is not decided), the plaintiff may bring and maintain an action for damages against the trustees or any of them wherever he can obtain personal service of summons on them or any of them.

2. Same—*Common-law Trusts—Limited Liability.* A common-law trust has none of the attributes of limited liability or freedom from personal liability which attach to limited partnerships or ordinary business corporations.

3. Pleading—*Amendment—Discretion of Court.* Error assigned on overruling plaintiff's motion for leave to amend his petition considered, and *held:* (1) the matter was discretionary with the trial court, and (2)· the facts recited in the proposed amendment were already sufficiently disclosed in plaintiff's petition.

4. Appearance—*General or Special Appearance—Traversing Question of Fact.* A so-called special appearance is none the less a general appearance, notwithstanding its designation, when its recitals have the effect of traversing a material question of fact involved in the merits of the action. ·

Appeal from Decatur district court; Willard Simmons, judge. Opinion filed May 7, 1927. Reversed.

*J. P. Noble, W. K. Thompson,* both of Oberlin, and *William Ritchie, Jr.,* of Omaha, Neb., for the appellant.

*A. C. T. Geiger,* of Oberlin, *Herbert Howland,* of Atwood, and *E. H. Benson,* of Colby, for the appellees.

The opinion of the court was delivered by

Dawson, J.: The plaintiff brought this action against the defendants to recover damages for the breach of a contract to drill for

Appearances, 4 C. J. p. 1317 n. 33. Pleading, 31 Cyc. pp. 368 n. 9, 370 n. 16, 371 n. 20, 372 n. 24; 21 R. C. L. 572. Trusts, 39 Cyc. p. 34 n. 45 new; 7 A. L. R. 612, 10 A. L. R. 887, 31 A. L. R. 851, 35 A. L. R. 502.

oil on certain lands in Wyoming covered by a lease which plaintiff had acquired on the faith of defendants' undertaking.

Plaintiff alleged that in 1920 the defendants, Stinson, Houston, Howland, Geiger, Quinn, J. E. Wheeler and three other persons, one of whom, Henry Rodenbeck, is now deceased, organized themselves into a common-law trust for the exploitation and development of oil and gas lands and business incident thereto, and for sundry other purposes not here pertinent; and that these six defendants and Rodenbeck named themselves as trustees of this trust, and selected the title "The Quinn Oil Company," as its business name and designation, and chose one of their number, J. E. Wheeler, as their agent for the general management and conduct of the business affairs of the trust, and that he assumed the duties and powers thus conferred upon him.

Plaintiff further alleged that in July, 1920, Wheeler, on behalf of this common-law trust, the Quinn Oil Company, and the defendant trustees thereof, proposed to plaintiff that he should purchase and procure an oil and gas lease on a certain acreage of lands and assign every alternate 40-acre tract thereof, 640 acres in all, to the Quinn Oil Company, and that the latter would commence and diligently prosecute the work of drilling on such leased lands in conformity with the conditions prescribed by the lessors in the leasing contract. Accordingly, plaintiff proceeded to purchase and procure a lease as desired by Wheeler, for which he paid the reasonable price of $2,500, and that he assigned to the Quinn Oil Company the acreage required by Wheeler; and plaintiff and Wheeler, on behalf of the Quinn Oil Company, executed in writing a drilling contract covering in detail the obligations thereby undertaken by defendants' institution. Part of the concluding paragraph of that contract reads:

". . . Second party hereby agrees to be held liable for the fulfillment of the covenants herein made and hereby agrees to indemnify first party in the amount of $2,500 in the event that second party fails to protect first party's interests under the terms of this lease, and hereinbefore described, and as set forth in said lease.

"D. W. Linn [first party].
"The Quinn Oil Company [second party].
"By Dr. J. E. Wheeler, Secretary."

Attached to plaintiff's petition as exhibits were a copy of defendants' trust agreement, a copy of the gas and oil lease covering 1,280 acres procured by plaintiff at the instigation of Wheeler, and copy

of the assignment thereof to the Quinn Oil Company with special reference therein to the drilling contract above mentioned. The gas and oil lease provided that drilling operations should commence within 120 days from the signing of the lease and should be diligently prosecuted thereafter, and that a failure on the part of the lessee to comply therewith would subject the lease to forfeiture at the lessors' option on fifteen days' notice.

Plaintiff also alleged that defendants failed to perform the acts agreed to in the drilling contract and as prescribed in the lease, and that the lessors had exercised their privilege of forfeiting the lease in conformity with its terms, whereby plaintiff was damaged in the sum of $2,500, and that by the terms of the drilling contract defendants had stipulated and agreed that a breach of contract on their part would damage plaintiff in that amount.

Plaintiff prayed judgment accordingly.

The Quinn Oil Company made a special appearance, objecting to the jurisdiction on the ground that it was a "citizen" of Wyoming.

The defendants Houston, Stinson, Geiger, Howland, and Chas. A. Rodenbeck, administrator of the estate of Henry Rodenbeck, deceased, filed separate demurrers to plaintiff's petition. These were sustained; and after plaintiff's request to amend his pleading in a minor matter was denied, this action was dismissed.

Plaintiff appeals, assigning various errors, but the vital matter pertains to the ruling on defendants' demurrers to plaintiff's petition, and this point depends upon the question of the liability of the defendants as trustees of the Quinn Oil Company to answer for the contractual obligations of that concern.

At the time the trial court ruled on this demurrer, it did not have the benefit of our late decision in *Weber Engine Co. v. Alter,* 120 Kan. 557, 245 Pac. 143, in which, after a thorough investigation of the subject, and which renders needless an extended dissertation on the characteristics of a common-law trust at this time, it was held that the trustees of a common-law business trust are individually liable for the obligations of the trust, notwithstanding their attempted limitations of liability, so far, at least, as concerns all those dealing with the trust who are not apprised of the limitations of liability which the creators of the trust had prescribed. Such was the situation in the present case as pleaded in plaintiff's petition and conceded to be true by defendants' demurrers.

A common-law trust is or may be a very convenient device for the accumulation of sufficient assets to give commercial prestige in the conduct of business, and may be more elastic and adaptable to the business undertakings and projects of its creators than a limited partnership or ordinary corporation would be. So, too, it is less handicapped with *ultra vires* problems and the necessity of conforming to discordant state laws governing corporations and the payment of burdensome corporation taxes. But a common-law trust certainly has none of the attributes of limited liability or freedom from personal liability which attach to limited partnerships and ordinary corporate organizations. Freedom from personal responsibility for breach of their business contracts is not a matter which a group of men can confer upon themselves by the creation of a trust, without the sanction of a statute to that effect, or without the intelligent contractual consent of the parties with whom they deal. (*Weber Engine Co. v. Alter,* supra, 46 A..L. R. 158, 171 *et seq.*)

Nothing was pleaded in plaintiff's petition which would give rise to an inference that in Wyoming, where this contract with plaintiff was made, a common-law trust had any peculiar privileges which it would not enjoy in Kansas where the majority of the trustees reside. And if the Wyoming law does confer upon the trustees of a common-law trust freedom from personal liability for its breach of contract, that fact would have to be pleaded and proved. It could not be inferred in determining the propriety of a demurrer to a petition.

Touching briefly on the other assignments of error: It was within the trial court's discretion to overrule plaintiff's motion to amend his amended petition so as to allege more precisely that service of process could not be obtained in Wyoming. But that matter is immaterial because the petition and attached exhibits did show the whereabouts of all the trustees except Wheeler; they all resided outside of Wyoming except Wheeler, and the allegation as to him was "that the residence of the defendant J. E. Wheeler is unknown to this plaintiff." It was therefore sufficiently pleaded without amending the petition that service on the Quinn Oil Company could not be obtained in Wyoming; but even that matter was of no importance, since the Quinn Oil Company, the trust in question, has no legal existence apart from its trustees so far as concerns plain-

tiff's right of action against it and them is concerned. This action is for damages for breach of contract, not at all like *Hamilton v. Young*, 116 Kan. 128, 225 Pac. 1045, where the liability of the defendants as makers of a promissory note was limited to that of their merely representative character, but that limitation of liability was by virtue of the negotiable instruments act, not by any virtue of the "trust" into which the defendants had organized themselves.

Plaintiff also complains because the court sustained an objection to the jurisdiction lodged by the Quinn Oil Company in its special appearance. That ruling was wrong for two reasons: The only way to get service on the Quinn Oil Company was by service on one or more of its responsible trustees, and that service was effected. Furthermore, the so-called special appearance was in fact a general appearance since it alleged a fact which necessarily traversed a material allegation of plaintiff's petition. Plaintiff had alleged that the Quinn Oil Company was a common law trust. In the special appearance the Quinn Oil Company alleged that it was "a citizen of Wyoming," which it certainly could not be if plaintiff's allegation of its trust character was correct. This so-called special appearance therefore necessarily raised and joined issue on a highly important question of fact involved in the merits of the action. The result was a general appearance. (*Meador v. Manlove*, 97 Kan. 706, 156 Pac. 731, syl. ¶ 2.)

The judgment of the district court is reversed and the cause remanded with instructions to set aside its ruling on defendants' demurrers to plaintiff's petition, and to permit issues to be joined thereon, and for further proceedings consistent therewith.