No. 27,420.

## The Weber Engine Company, *Appellant,* v. C. P. Barley et al., *Appellees.*

### SYLLABUS BY THE COURT.

Trust—*Common-law Trust—Individual Liability.*  In an association for the conduct of business, organized under a declaration of trust, the unit or shareholders are individually liable for the debts of the association—following *Weber Engine Co. v. Alter,* 120 Kan. 557, 245 Pac. 143.

Appeal from Sedgwick district court, division No. 4; Isaac N. Williams, judge.  Opinion filed June 11, 1927.  Reversed.

· *Robert C. Foulston, W. E. Holmes, D. W. Eaton, George Siefkin, Sidney L. Foulston,* all of Wichita, *Edmund H. McVey* and *Samuel R. Freet,* both of Kansas City, Mo., for the appellant.

*Hal M. Black* and *Arnold C. Todd,* both of Wichita, for appellee Mrs. J. B. Dowd.

The opinion of the court was delivered by

Harvey, J.:  This is an action by a creditor against individual unit or certificate holders of the Olson Lease Syndicate, an association formed and operating under an agreement commonly called a business trust, a common-law trust, or a Massachusetts trust. Plaintiff seeks to hold such unit holders individually liable for the debts of the association.  Defendants demurred to the petition. The trial court sustained the demurrer, and plaintiff has appealed.

In *Weber Engine Co. v. Alter,* 120 Kan. 557, 245 Pac. 143, after thorough consideration and the examination of former decisions, it was held:

"Under articles of association in form of declaration of trust, trustees and shareholders are individually liable for the association's debts, notwithstanding attempted limitation of liability."  (Syl. ¶ 2.)

And in *Linn v. Houston,* ante, p. 409, 255 Pac. 1105, the question was again considered, and it was held:

"A common-law trust has none of the attributes of limited liability or freedom from personal liability which attach to limited partnerships or ordinary business corporations."  (Syl. ¶ 2.)

These decisions control the case before us and require that the judgment of the court below be reversed with directions to overrule the demurrer.  It is so ordered.