## Roller v. Madison, et al.

(Decided December 12, 1916.)

### Appeal from Edmonson Circuit Court.

Joint Stock Companies—Stockholders—Parties—Torts.—The stockholders in a joint stock company, in this state, are individually liable for the company's obligations and may be sued for a tort of the company without making it a party to the action.

RODES & WALLACE and JOHNSON & JOHNSON for appellant.

M. M. LOGAN, ORA E. HAZELIP, JOHN A. LOGAN and GEORGE McCOMBS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant filed the petition in this action against about one hundred individuals who are alleged to be the joint owners and engaged in the operation of the Edmonson County Home Telephone Company, as co-partners but described as an unincorporated joint stock association, to recover damages for personal injuries resulting to him from negligence of the company.

To this petition appellees filed a special demurrer upon the ground that there was a defect of parties in that the telephone company is not made a party defendant, which demurrer was sustained, and appellant declining to plead further, his petition was dismissed and he has appealed.

The only question before us is whether or not the joint stock association, as a separate entity distinct from its stockholders, must be sued along with the stockholders in an action to recover for a tort done by the association. The only case cited by counsel for appellees, Adams Express Company v. Schoolfield, 111 Ky. 832, does not reach the question involved here, since in that case it was decided only that a foreign joint stock association could be

sued and served with process like a corporation; but that is not the question involved here, for if it is conceded that appellant could have sued the telephone company and served it with process as though it were a corporation, but he did not elect to follow that course, and the question here is, can he be forced to do so, before he can proceed against the stockholders?

The attempt has been made many times to give an exact definition of just what a joint stock association is, and in many states the exact legal status of such associations has been fixed by statute, but they have not been the subject of legislation in this state, except that section 208 of the Constitution states that the word "corporation" as used in the constitution shall embrace joint stock companies and associations, and section 457 of the statutes provides that the word "corporation" may be construed as including any joint stock company or association, but neither of these provisions, nor both of them, make a joint stock company a corporation or give to it or its stockholders any of the privileges or immunities enjoyed under our laws by corporations and their stockholders.

A joint stock company is an entirely different organization from a corporation although it has many of the same characteristics and is often not improperly called a quasi-corporation, especially under particular statutes, but in this state it is still what it was at common law, where, as said in State *ex rel* Pearson v. Railroads, 196 Mo. 536:

"A joint stock company at common law was a hybrid midway between a corporation and a partnership, *e. g.*, it had directors and officers, articles of association, a common capital divided into shares; these shares represented the interests of the members, were transferable without the consent of the other members; hence there was no *delectus personae,* and the death of a member did not dissolve the company—but, on the other hand, each member was liable for the debts of the concern, so that such company had characteristics of both a corporation and a partnership."

A corporation and a joint stock company are thus distinguished in 23 Cyc. 469:

"The fundamental distinction between a corporation and a joint stock company is this: A corporation on the

one hand is an artificial entity brought into existence by the sovereign power of the state, and the individual liability of its members is competely eliminated unless some part of that liability is expressly reserved by constitutional or statutory provision; while a joint stock company, on the other hand, is formed by a written agreement of individuals with each other, and its whole force and effect, in constituting and creating the organization, rest upon the common-law right and power of the individuals to contract with each other; the relation they assume is wholly the product of their mutual agreement and depends in no respect upon any grant of authority from the state; and hence the individual personal liability of the members remains intact unless there is express statutory authority for its elimination.'' See also 17 Am. & Eng. Enc. Law, 2nd Ed. 636-637, et seq.

The exemption from liability for the indebtedness of the corporation is given by statute to those associated in the enterprise as members and it is a gift only a sovereign can bestow. The parties can never by any sort of agreement among themselves attain such immunity. This immunity never having been extended by legislative enactment in this state to the members of a joint stock company, they are necessarily under our law individually liable for all the obligations of such a company in exactly the same sense and way that partners are liable for the obligations of the firm. It therefore results that appellee did not have to sue the company rather than its members, and that it was not a necessary party to the suit.

Counsel for appellees rely upon Whitney v. Backus, 149 Pa. State Rep. 29, as authority for the non-liability of the stockholders in a joint stock company for its torts, but the following from the opinion shows conclusively that the conclusion of the court results only from the Pennsylvania statute, viz.:

''A joint stock association, organized and managed in strict compliance with the provisions of the act of June 2, 1874, P. L. 271, and the supplements thereto, has many of the qualities of a corporation. . . . . The liability of its members for its acts and engagements is limited to their contributions or subscriptions to its capital.''

For the reasons indicated the judgment is reversed and the cause remanded for proceedings not inconsistent herewith.