## Standard Drilling Company v. Slate.

(Decided June 6, 1924.)

Appeal from Warren Circuit Court.

Partnership—Each Member Liable for Contracts.—Each member of a syndicate, an unincorporated partnership, is liable for its contracts within scope of purpose for which it was organized.

CHARLES R. BELL and JOHN L. STOUT for appellant.

DENHARDT & HUNTSMAN for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Some time prior to May 25, 1920, the appellee and defendant below, J. M. Slate, procured leases for operating for oil and gas from twelve different persons on as many pieces of land in Warren county in or near Bowing Green, and two other similar leases on other tracts had been procured by other parties. On that day they were all assigned to J. W. White, and he in turn executed a deed conveying them to defendant as trustee without designating in the deed any *cestui qui trust*, but it is admitted in the pleadings and by defendant in his testimony that he was trustee for the Delafield Oil Syndicate, an unincorporated association of persons, of which both White and defendant were members. It had been formed with the understanding that the syndicate should procure the leases and operate or otherwise handle them so as to realize a profit for its members, and for convenience the title to all of them was made to defendant, trustee for the syndicate. It furthermore appears that the ultimate purpose was to incorporate the syndicate and that it was later done under the name of the Delafield Oil Company, but not till after the happening of the transactions here involved. At some time during the transactions, but just when is not shown, some of the members of the syndicate, being a majority, and other persons, organized the corporate plaintiff and appellant, Standard Drilling Company, with the chartered right to

drill oil and gas wells and to do any and all things necessary for the accomplishment of that purpose. After that and while defendant was holding the title to the leases and operating as trustee, he and some, if not all, of his associates in the syndicate agreed with the Standard Drilling Company, in which they were stockholders and some of them officers, for it to drill a well on one of the leases held by defendant as trustee for the syndicate to a depth of 1,030 feet, for which it was to be paid the sum of $3.50 per foot. At the time the drilling company began work on the drilling of that well defendant was sick, and when he recovered the drilling under the contract had commenced and he paid the company as the work progressed $2,105.00, at different times by checks, upon each of which was written "Delafield Oil Syndicate, not incorporated," and they were signed the same way "By J. M. Slate, trustee." Five hundred dollars was paid by Edward Lytle, who succeeded defendant as trustee before the well was completed, leaving a balance of $1,000.00 due the drilling company, for which it has never received payment. It brought this action against defendant as trustee to recover that balance, and he answered admitting that it was due and that he "as trustee" owed it but that he did not owe it individually, and he expressed a willingness that a judgment against him as trustee might be rendered. An amended petition was filed seeking the recovery of a judgment against him personally, which was answered by him, and in his answer he denied personal liability.

The evidence heard upon the trial proved the above recited facts and the judge of the court, to whom the cause was submitted without a jury, dismissed the petition, and on motion of plaintiff he filed a separation of law and facts. Plaintiff's motion for a new trial was overruled and it appeals. The court's finding of facts coincides with the above statement, but he found as an additional fact, and which the evidence supports, that plaintiff knew at the time it entered into the drilling contract that defendant was acting as trustee for the Delafield Oil Syndicate. Upon the facts as so found, the court thus stated his conclusions of law:

"It is evidently the law in Kentucky that the trustee would be individually liable for debts created if he should so conceal the matter that those for whom he is trustee were not known. But, it is the opinion of the court that the law under the facts of

this case would not warrant the court in giving a judgment against Slate individually, but in the capacity of trustee, and the court so holds.''

On this appeal by plaintiff it is earnestly insisted by its counsel that a contract entered into by one ''as trustee,'' or where the word ''trustee'' is attached to his name, obligates him individually to perform the terms of the contract, whether there was or not any mention of the *cestui qui trust* or whether the other contracting party did or not know the person for whom he was trustee; and the brief contains many cases and authorities upon that point. However, under our view of this case, we deem it unnecessary to enter into a discussion of that contention, since we are convinced that upon another ground the defendant was personally liable in this case for the contract price of the well.

We have seen that he was a member of an unincorporated partnership which the parties designated as a syndicate to procure, own, operate and deal in oil leases; and under well settled and well known principles of the law each membr of that partnership or syndicate would be liable for its contracts within the scope of the purpose for which it was organized and formed. We so held upon almost exactly the same facts in the very recent case of James v. Stokes, 203 Ky. 127, in which opinion other cases and authorities are referred to. We deem it unnecessary to repeat them here because, according to our conception of the law, individual liability in such cases is a necessary consequence of membership in such organizations. Central Trust Co. of Owensboro v. Creel, 184 Ky. 114. Indeed, as we construe the brief for defendant, it practically admits the conclusion herein expressed. On page 8 thereof, it is said: ''Appellee was trustee of an express trust, or he was a member of a co-partnership. If the latter, the case of Roller v. Madison, 172 Ky. 693, applies to this case.'' The case referred to held that the members of an unincorporated joint stock company were individually liable for its obligations and that they might be sued without making the company or partnership a party defendant. In so holding and in pointing out the distinction between such companies and a corporation, relating to the individual liability of the members, the opinion said:

''The exemption from liability for the indebtedness of the corporation is given by statute to those associated in the enterprise as members and it is a

gift only a sovereign can bestow. The parties can never by any sort of agreement among themselves attain such immunity. This immunity never having been extended by legislative enactment in this state to the members of a joint stock company, they are necessarily under our law individually liable for all the obligations of such a company in exactly the same sense and way that partners are liable for the obligations of the firm. It therefore results that appellee did not have to sue the company rather than its members, and that it was not a necessary party to the suit.''

We, therefore, conclude that the court erred in dismissing the petition, and the judgment is reversed with directions to sustain the motion for a new trial and for proceedings consistent with this opinion.