THE CAREY LUMBER COMPANY v. F. P. NEAL.

No. 54.

1. CORPORATIONS — *Execution against Stockholders.* The court has no power to entertain a motion for an order allowing execution against stockholders of a corporation, under paragraph 1192, General Statutes of 1889, until the record of the case in which the motion is made shows that the corporate property has been exhausted. (*Hoyt v. Bunker*, 50 Kan. 574.)

2. PRACTICE — *Specific Remedies.* Where the statute provides a specific remedy and prescribes the procedure under the same, a person is entitled to such remedy when the provisions of the statute are complied with.

MEMORANDUM.— Error from Sumner district court; JAMES A. RAY, judge. Motion by F. P. Neal against

The Carey Lumber Company for an execution to enforce a stockholder's liability. Motion granted. The Carey Lumber Company brings the case to this court. Reversed. The opinion herein, filed December 7, 1895, states the material facts.

*Bentley & Ferguson*, for plaintiff in error.

*James Lawrence*, and *D. S. Dill*, for defendant in error.

The opinion of the court was delivered by

COLE, J.: This was a proceeding in the district court of Sumner county, based upon a motion for execution against the property of the Carey Lumber Company, as a stockholder in the Caldwell Opera-House Company, under a judgment obtained by the defendant in error, F. P. Neal, against said Caldwell Opera House Company in said court. Upon the hearing of said motion execution was granted, and from such ruling and order the plaintiff in error brings the case here for review.

The principal error complained of is that the record in the original case of F. P. Neal *v.* The Caldwell Opera House Company does not disclose that an execution had been issued and returned *nulla bona* prior to the commencement of these proceedings. The record shows that on November 13, 1888, an execution was issued in said cause, which was returned on the 12th of January, 1889, indorsed by the sheriff, in substance, that he received the said writ on the date on which it was issued, and found "no goods," and thereupon he levied said writ upon certain lands and tenements of said debtor, situated in Sumner county, Kansas, a description of which, as well as the time and manner in which the sale of the same was made, is contained in

said return of the sheriff. The return shows that the above property was not sold for a sufficient sum to satisfy the writ, but does not show that the property of the defendant corporation had been exhausted. The record further shows that no other execution was issued in said cause prior to the commencement of this proceeding, but one was issued and returned "no property found" more than 60 days prior to the hearing of this motion. This condition of the record brings the case squarely within the decision in *Hoyt v. Bunker*, 50 Kan. 574, in which case the court says:

"Again, it is questionable whether, under the summary process of said paragraph, the court has any power to act until an execution issued against the corporation has been returned in accordance therewith. The statute reads, 'If any execution shall have been issued against the property or effects of a corporation, . . . and there cannot be found any property whereon to levy such execution,' *then*, upon motion in open court in which the judgment against the corporation is pending, and notice to the stockholders to be charged, execution may issue against such stockholders.

"The record of the judgment against the corporation should show an execution so returned as to show that the corporate property has been exhausted, before the court may entertain the proceeding to order execution against the stockholders. With records in each case showing that the corporate property had not been exhausted, had the court power to entertain motions for orders allowing executions to issue against the stockholders in favor of said defendants? If not, and it seems to us that it had not, then, under *Pierce v. Carlton*, 12 Ill. 54, orders so allowed are 'unauthorized and void,' and the plaintiff can attack them collaterally. In that case the court held, that where the previous proceedings were 'unauthorized and void' a garnishee might inquire into the previous proceedings on the attachment. See, also, *Insurance Co. v.*

26—KAN. APP.

*Cohen*, 9 Mo. 421, and *Schoppenhart v. Ballman*, 21 Ind. 285.''

Thus it clearly appears that the issuing of an execution and the return of the same *nulla bona* is a condition precedent which must be fulfilled before the court can obtain jurisdiction under paragraph 1192, General Statutes of 1889.

A further question in this case was argued orally by counsel, though not presented in their printed briefs, namely, that before a stockholder can be proceeded against under paragraph 1192, General Statutes of 1889, he must have such notification as would be necessary in the case of a guarantor. It is true that our supreme court has held that the liability of a stockholder is in the nature of that of a guarantor, but where the statute provides a specific remedy in a given case, and specifies the manner of procedure thereunder, a person is entitled to the benefits of such remedy by a compliance with the provisions of the statute. Several other errors are alleged, but from the views above expressed we do not think it necessary to consider them at this time.

For the error above mentioned the judgment of the district court is reversed, and the cause remanded, with instructions to overrule the motion for execution against the property of plaintiff in error.

All the Judges concurring.