In re Estate of William Brauns, Deceased.
Ingrid Chenal, Appellee, v. Arnold O. Diersen, Executor under the Last Will and Testament of William Brauns, Deceased, Appellant.

Gen. No. 43,878.

323

Opinion
filed February 3, 1947. Released for publication February 17, 1947.

THOMAS S. MacKINLAY, GUNNAR JENSENIUS and
MARSHALL SOLBERG, all of Chicago, for appellee;
THOMAS S. MacKINLAY, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the
court.

The claimant, hereafter called the plaintiff, filed in
the probate court her claim based upon five judgment
notes alleged to have been executed by the decedent,
William Brauns. The executor of decedent's last will
and testament, hereafter called the defendant, filed an
answer stating that "as to the fact of the genuineness
of the signatures thereon, and the execution and de-
livery of said notes by said Testator, the Executor has
no information, and therefore demands strict proof
thereof," alleging that if the notes were made and de-
livered by decedent to the claimant, they were without
a good and valuable consideration, and setting up cer-
tain detailed evidentiary facts relied upon by the exec-
utor to prove want of consideration for the notes. On
a hearing in the probate court the claim was denied.
On a trial *de novo* in the circuit court on appeal, judg-
ment was entered for plaintiff in the sum of $4,984.25.
Defendant appeals, contending that having denied by
verified answer the execution and delivery of the notes
on which plaintiff bases her claim, she was required to
prove the execution and delivery by a preponderance
of the evidence, and failed to do so, and that plaintiff
failed to prove consideration for the notes. It is also
argued that having failed to file a reply to the answer
of defendant filed in the probate court, the allegations
as to want of consideration, etc., were admitted.

 Under section 5 of the Probate Act, unless otherwise provided, the Civil Practice Act is made applicable to all proceedings under the Probate Act. The sufficiency of the allegation of defendant's answer as to the execution of the notes must be determined under the provisions of the Civil Practice Act. The allegation in that answer that the executor has no information as to the genuineness of the signatures on the notes and the execution of the notes by the testator, and demanding strict proof, is an alternative to the explicit denial required under sec. 40, subpar. 2, of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 164, subpar. (2); Jones Ill. Stats. Ann. 104.040, subpar. (2)] if allegations in pleadings of the opposite party are not to be deemed admitted, but it does not meet the requirements of sec. 35 [Ill. Rev. Stat. 1945, ch. 110, par. 159; Jones Ill. Stats. Ann. 104.035], which says that the allegation of the execution of any instrument in writing shall be deemed to be admitted unless denied by a pleading verified by oath. Where the denial is made by a person other than the maker, it may be made on information and belief. There being no explicit denial of the execution of the notes, which includes the delivery (*Burr v. Beckler,* 264 Ill. 230; *Barrow v. Phillips,* 250 Ill. App. 587), plaintiff was under no obligation to prove such execution. However, a witness called by her testified that he saw the decedent sign three of the notes and that in his opinion the signatures on the remaining two notes were the signatures of the decedent. Defendant offered no testimony to refute this statement.

 Section 196 of the Probate Act, permitting the executor or any other person whose rights may be affected by the allowance of a claim to file pleadings, authorized an answer by the defendant, and if under the provisions of the Practice Act a reply to such answer would be necessary in an action at law on the judgment notes here involved, plaintiff should have

replied to the answer of the executor filed in the probate court. Under section 24 of the Negotiable Instrument Law (Ill. Rev. Stat. 1945, ch. 98, par. 44 [Jones Ill. Stats. Ann. 89.044]), "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration . . ." The burden of proving want of consideration is on the defendant. *American Nat. Bank of Mt. Carmel v. Woolard,* 342 Ill. 148. The notes recite consideration, and the claim filed, impliedly if not directly, asserts a consideration and therefore a denial of want of consideration. Where a complaint meets and negatives matters set up in an answer, no reply to the answer is necessary. *City of Flora for use of Liberty Mut. Ins. Co. v. Bryden,* 300 Ill. App. 1; *Allwood v. Cahill,* 382 Ill. 511. Furthermore, on the trial of this case defendant offered evidence tending to support the evidentiary facts unnecessarily alleged in his answer in support of the defense of want of consideration. He therefore waived a reply, if any was necessary, to the answer. *Funk v. Babbitt,* 156 Ill. 408; *Cairo Lumber Co., Inc. v. Ladenberger,* 313 Ill. App. 1.

The judgment is affirmed.

*Affirmed.*

O'CONNOR, P. J., and FEINBERG, J., concur.