*In re* ESTATE OF FRANK GRIMSLEY, Incompetent—(DEPARTMENT OF MENTAL HEALTH, Claimant-Appellant, *v.* ESTATE OF FRANK GRIMSLEY, Incompetent, Respondent-Appellee.)

(No. 11732; )

Fourth District—October 4, 1972.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe, Samuel E. Hirsch, and A. Zola Groves, Assistant Attorneys General, of counsel,) for appellant.

Herrick, Rudasill & Moss, of Clinton, (Ray Moss, of counsel,) for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The Department filed a claim against the estate of Frank Grimsley, an incompetent, for maintenance, hospitalization and care for a period from March 3, 1952, to June 3, 1969. The Department appeals the denial of the claim in the Circuit Court.

The verified claim stated that it was filed pursuant to section 12—12 of the Mental Health Act (Ill. Rev. Stat. 1969, ch. 91½, par. 12—12), which set forth the rates of charges for various periods of years; stated that the claim was for treatment as a patient as itemized in Exhibit A attached, and that the total amount due was $17,686. Exhibit A is an itemized statement setting forth the charges for each month of the respective years, and stating a total amout due. The exhibit was verified by an individual as Supervisor of Reimbursement Services of the Department of Mental Health of the State of Illinois, having custody of the records of each patient, and stating that the charges were correct.

■■ The conservator's unverified answer alleged that he had furnished financial data concerning the incompetent's estate to the Department over a period of years, and that he had not received any statement of charges due. Such allegations do not raise an issue of fact. *In re Estate of Onischuk*, 87 Ill.App.2d 397, 231 N.E.2d 664.

The answer further alleged that the Department was guilty of *laches* and that the conservator believes that the claim is barred by the Statute of Limitations.

We note no denial of the fact of the hospitalization for the stated period, the correctness of the charges or the total amount due.

It appears that the trial court denied the claim at the close of the Department's evidence for failure to prove the dates of hospitalization, and for failure to prove the amount of the rates charged. We must conclude that the court erred.

■■ Ill. Rev. Stat. 1969, ch. 3, par. 5, provides that the Civil Practice Act and the rules adopted pursuant to that Act shall apply to all proceedings in the administration of estates, except as to certain proceedings not relevant here. (See *In re Estate of Norris*, 39 Ill.App.2d 280, 188 N.E.2d 876.) The allegations of fact concerning the date of hospitalization and the charges contained in the verified claim are admitted by failure of the conservator to deny them in the answer which he filed. *In re Estate of Jensik*, 34 Ill.App.2d 130, 180 N.E.2d 740.

■■ Upon the pleadings here, the factual allegations were admitted and the proof required by the court was unnecessary. We have examined the provisions of Ill. Rev. Stat. 1969, ch. 3, par. 199, which provides:

"[A] claim which is consented to by the executor, administrator, guardian, or conservator or to which no pleading has been filed within the time provided by this Act may be taken as proved or the court may require the claimant to prove his claim."

That language is directed to instances where no answer has been filed. Here upon claim and answer, the provisions of the Civil Practice Act become operative.

■■ By reason of the court's ruling, the court did not consider or pass upon the affirmative defenses pleaded by the conservator.

Ill. Rev. Stat. 1969, ch. 91½, par. 12—12, provides:

"The court shall order the payment of sums due for treatment charges for such period or periods of time as the circumstances require, except that no responsible relative may be held liable for charges for treatment furnished to a patient if such charges were assessed more than 5 years prior to the time the action is filed; but such 5-year limitation does not apply to the liability of a patient or a patient's estate. * * *."

It thus appears that there is, in fact, no statute of limitations upon this claim as to the patient's estate.

■■■ The liability here claimed arises by operation of law. (*Department of Public Welfare v. A'Hern*, 14 Ill.2d 575, 153 N.E.2d 22.) The doctrine of *laches* does not apply to the exercise of governmental functions. *Shoreline Builders Co. v. City of Park Ridge*, 60 Ill.App.2d 282, 209 N.E.2d 878.

It appearing that as a matter of law the affirmative defenses cannot be asserted, it is unnecessary for further proceedings in the trial court. Upon the authority of Supreme Court Rule 615, the judgment is reversed, and the cause is remanded with directions to the trial court to enter judgment for the amount of the claim.

Reversed and remanded.

SMITH and CRAVEN, JJ., concur.