*In re* ESTATE OF BUDRIS ANDERNOVICS, Deceased (Peggy L. Parrish, Plaintiff-Appellant, v. Rolf Hackman, Ex'r of the Estate of Budris Andernovics, Deceased, Defendant-Appellee).

Third District   No. 3—99—0223

Opinion filed February 10, 2000.—Rehearing denied March 20, 2000.

742

C. Don Weston (argued), of Macomb, for appellant.

Brian P. Holland (argued), of Holland & Holland, of Bushnell, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

Plaintiff Peggy Parrish filed suit against the estate of Budris Andernovics, claiming Andernovics breached an oral contract to make a will. The trial court denied Parrish's claim and ordered her to pay the estate's attorney fees as a sanction for her failure to comply with a discovery order. Parrish now appeals, arguing that she should have been granted judgment on the pleadings because the estate neither admitted nor denied the allegations of her complaint. For the reasons that follow, we affirm and hold that a probate court may require a claimant to prove her claim when the estate files an answer that does not explicitly deny the allegations of the claim but requests strict proof thereof.

## FACTS

On February 28, 1989, Parrish filed a 10-count complaint against the estate of Budris Andernovics, seeking, among other things, specific performance of an alleged oral contract to make a will. Parrish claims that Andernovics agreed to allow Parrish to deed certain parcels of encumbered real estate to him. According to Parrish, Andernovics stated that he would pay the mortgages on the parcels and deed them back to Parrish in his will in exchange for her assistance in helping him sell his medical practice.

Parrish filed her claim in probate. The executor of Andernovics'

estate, Rolf Hackmann (the estate), filed an answer to the complaint in which he did not admit or deny any of the counts. He only demanded "strict proof" of the claim. Parrish filed a motion for judgment on the pleadings, contending that the estate's answer amounted to an admission of all allegations under what is now section 2—610 of the Code of Civil Procedure (735 ILCS 5/2—610 (West 1998) (formerly Ill. Rev. Stat. 1989, ch. 110, par. 2—610)). After hearing arguments on the motion, the court denied it. The estate then filed various interrogatories and requests to produce to which Parrish did not respond.

Pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308), Parrish sought application for leave to appeal, arguing that she should have been granted judgment on the pleadings. We denied the application and also denied Parrish's petition for rehearing. In the meantime, the trial court entered an order to compel discovery, directing Parrish to answer the interrogatories and requests to produce. Parrish never responded. Several months later, the estate filed a motion for sanctions. Following the estate's motion, Parrish renewed her motion for judgment on the pleadings.

As a sanction for Parrish's failure to comply with the discovery order, the trial court dismissed Parrish's cause of action with prejudice. In an unpublished order, we reversed and remanded so that the trial court could enter a less harsh sanction such as an award of attorney fees to the estate. On remand of the sanction matter, the court conducted a hearing at which the estate requested over $18,000 in attorney fees. The court granted the estate attorney fees in the amount of $4,035, making Parrish and her attorney jointly and severally liable for this award.

Subsequently, a hearing on the merits of Parrish's claim took place in which Parrish submitted only evidence as to the value of real estate and other items subject to the alleged oral contract to make a will. Parrish reiterated her position that the estate's answer to her claim constituted an admission. The court denied Parrish's claim, stating that she should have submitted her cause and proved her claim, but did not do so. The court further stated that, in order to grant specific performance of a contract to make a will, the existence of the contract and its terms must be clear and explicit and so convincing that it will leave no doubt in the mind of the court. The court relied on the Probate Act of 1975 (755 ILCS 5/18—1 *et seq.* (West 1998)), which provides that an unanswered claim may be taken as proved or the court may require the claimant to prove his claim. Parrish now appeals.

## ANALYSIS

Parrish contends that this case presents a pleading question

governed by the Code of Civil Procedure (Civil Code or Code) (735 ILCS 5/1—101 *et seq.* (West 1998)). She cites *In re Estate of Grimsley*, 7 Ill. App. 3d 563, 288 N.E.2d 66 (1972), for the proposition that section 2—610 of the Code (which provides that every allegation in a complaint not explicitly denied is admitted (735 ILCS 5/2—610 (West 1998))) applies when an estate does not explicitly deny the allegations of a probate complaint. Accordingly, because the estate's answer did not deny any of her allegations, Parrish maintains that her claim should have been deemed admitted.

In *Grimsley*, the state Department of Mental Health (Department) filed a claim against the defendant's estate for past-due amounts the Department claimed it was owed for hospitalizing the defendant. In an unverified answer, the representative of the defendant's estate alleged that he had not received any statements of charges due, but did not deny that the charges were owed and did not request the claim be proved. The trial court denied the claim at the close of the Department's evidence for failure to prove the dates of hospitalization and for failure to prove the amount of rates charged. The appellate court reversed. In so doing, the court held that the Civil Practice Act (now the Code of Civil Procedure) required that the undenied allegations be deemed admitted and, therefore, the proof required and found lacking by the court was unnecessary. *Grimsley*, 7 Ill. App. 3d at 565, 288 N.E.2d at 67.

We disagree with *Grimsley* on this point. In particular, we take issue with that portion of *Grimsley* that cites what is now section 18—7(a) of the Probate Act. Section 18—7(a) provides that an unanswered claim may be taken as proved or the court may require the claimant to prove his claim. 755 ILCS 5/18—7(a) (West 1998). The *Grimsley* court stated that this provision is only applicable if no answer is filed. *Grimsley*, 7 Ill. App. 3d at 566, 288 N.E.2d at 67. According to *Grimsley*, once an answer is filed the provisions of the Civil Practice Act apply. *Grimsley*, 7 Ill. App. 3d at 566, 288 N.E.2d at 67. The court, however, provided no rationale to support this conclusion and we are unable to divine any ourselves. We can deduce no good reason for distinguishing between those probate cases in which no answer is filed and those in which the respondent files an answer which asks that the claimant prove her claim. Under *Grimsley*, in the former situation the court could require the claimant to prove her claim while in the latter the court could not. We believe that such a distinction has no rational basis and thus refuse to apply *Grimsley* here.

Parrish also cites *In re Estate of Brauns*, 330 Ill. App. 322, 71 N.E.2d 364 (1947), for the same proposition as she cites *Grimsley*. *Braun*, however, involved distinct pleading requirements with respect

to judgment notes and was decided under that section of the Civil Practice Act which addressed such requirements. As a consequence, *Braun* is inapplicable to the facts at hand.

Our decision today is further supported by *Greenwood v. Commercial National Bank*, 7 Ill. 2d 436, 130 N.E.2d 753 (1955). In *Greenwood*, the court affirmed the principle that, in order to grant specific performance of a contract to make a will, the existence of the contract and its terms must be clear and explicit and so convincing that it will leave no doubt in the mind of the court. *Greenwood*, 7 Ill. 2d at 440, 130 N.E.2d at 756. Accordingly, we believe the trial court had discretion to demand that Parrish provide proof to support the allegations of her complaint and, upon her failure to do so, properly dismissed her claim.

We now turn to the issue of sanctions to determine if the court abused its discretion in awarding the estate attorney fees in the amount of $4,035.

■ An unreasonable failure of a party to comply with the rules and orders of discovery may result in the imposition of sanctions by the trial court under Supreme Court Rule 219(c). 166 Ill. 2d R. 219(c). Such sanctions include the court's ability to enter an order that the offending party pay the reasonable attorney fees of the other party. 166 Ill. 2d R. 219(c). Under Rule 219(c), the trial court's imposition of sanctions will not be disturbed on review unless the sanctions constitute an abuse of discretion, such as when the sanctioned party's conduct was not unreasonable or when the sanction itself is not just. *Hartnett v. Stack*, 241 Ill. App. 3d 157, 607 N.E.2d 703 (1993). To determine whether noncompliance with discovery rules or orders was unreasonable, the trial court should consider whether the offending party's conduct was characterized by a deliberate and pronounced disregard for the discovery rules or order. *Beiermann v. Edwards*, 193 Ill. App. 3d 968, 550 N.E.2d 587 (1990). To determine whether a sanction order was just, a court must look to the conduct that gave rise to the sanction order and to the effect of that conduct on the parties. *Beiermann*, 193 Ill. App. 3d at 975, 550 N.E.2d at 592.

■ Parrish argues that the trial court erred by imposing the sanction it did here because: (1) there was no showing that the parties attempted to reach an accord; (2) Parrish's refusal to comply with discovery requests and orders was reasonable; and (3) there was no showing that the attorney fees awarded resulted from or were related to her alleged misconduct. We are unpersuaded by these arguments.

Parrish initially invokes Supreme Court Rule 201(k), which requires that "[e]very motion with respect to discovery shall incorporate a statement that after personal consultation and reason-

able attempts to resolve differences the parties have been unable to reach an accord." 134 Ill. 2d R. 201(k). She argues that compliance with Rule 201(k) was not shown in this case. Technical compliance with Rule 201(k) is not required, however, when the record reflects that the parties were unable to reach an accord after reasonable attempts to resolve differences. *Lavaja v. Carter*, 153 Ill. App. 3d 317, 505 N.E.2d 694 (1987).

Here, Parrish showed an adamant refusal to budge from her position that she should have been granted judgment on the pleadings. She did not respond to the estate's interrogatories and request to produce even after the trial court ordered her to do so and even after we remanded the case, having found that she was obligated to proceed with discovery after we denied her leave to appeal on her Rule 308 petition. 155 Ill. 2d R. 308. In the face of such a demonstrated attitude of noncooperation, technical compliance with Rule 201(k) is not required in this case. See *Hartnett*, 241 Ill. App. 3d at 174, 607 N.E.2d at 715.

Turning to Parrish's second argument, once the trial court has imposed the sanction for noncompliance with a discovery rule or order, the sanctioned party has the burden of establishing that the noncompliance was reasonable or justified by extenuating circumstances or events. *Kubian v. Labinsky*, 178 Ill. App. 3d 191, 533 N.E.2d 22 (1988). Parrish has not shouldered this burden. As stated above, Parrish exhibited a stubborn refusal to comply with discovery from early on in this case. Despite the fact that her reliance on *Grimsley* might have justified her initial noncompliance with discovery, once we denied her leave to appeal under Rule 308 all subsequent refusals to comply on her part were patently unreasonable.

Finally, Parrish objects to the amount of attorney fees awarded by the trial court, arguing that the estate did not satisfactorily prove that the fees awarded resulted from or were related to her alleged misconduct. Supreme Court Rule 219(c) provides that the offending party should pay the other party's costs that resulted from the offending party's misconduct. 166 Ill. 2d R. 219(c). The trial court undertook a 9-hour, 2½-day hearing on this issue, during which the estate sought over $18,000 in fees. Testimony concerning the hours worked and services rendered by the estate's attorneys was heard. After reviewing the record of this hearing, we cannot say the trial court abused its discretion. See *First Midwest Bank, N.A. v. Sparks*, 289 Ill. App. 3d 252, 682 N.E.2d 373 (1997) (the trial court's award of attorney fees will not be reversed absent a manifest abuse of discretion).

For the reasons stated above, the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

HOMER and KOEHLER, JJ., concur.