SECOND DIVISION
September 29, 2006

No. 1-05-4023

| | | |
|---|---|---|
| THE DEPARTMENT OF HUMAN SERVICES, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | |
| SALVATORE SCIORTINO and JACQUELYN SCIORTINO, a/k/a Jacquelyn Nye, | ) ) ) | Honorable Susan F. Zwick, Judge Presiding. |
| Defendants-Appellees. | ) | |

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Department of Human Services (Department), brings this appeal from two orders of the circuit court, one which dismissed part of its claim for reimbursement involving notices of determination issued prior to June 30, 2000, and one which denied its motion for reconsideration of the prior order. Inasmuch as there were other claims pending that were not dismissed, the trial court made a finding pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal of its orders.

Defendant Salvatore Sciortino was a recipient of psychiatric/psychological services at the Chicago Read Mental Health Center, a facility of the Department, from December 14, 1992, through May 1, 2001. The Department issued eight notices of determination to Salvatore, the recipient, advising him of the service charges he owed for his care and treatment and of his right to request a hearing on those charges before they became final. The respective dates of those notices were June 1, 1993; two notices on February 8, 1996; September 12, 1996; March 14,

1-05-4023

2000; two notices on March 29, 2001; and May 23, 2001.  He never requested a hearing, so the charges became final.

On September 14, 2004, the Department issued its one and only notice of determination to Salvatore's spouse,  Jacquelyn, as the responsible relative advising her of the amount due and owing for her husband's treatment, *i.e.*, $31,980, and of her right to request a hearing before it became a final, administrative decision.  Jacquelyn did not  request a hearing, so the charges became final.

On June 30, 2005, the Department filed a two-count verified complaint against both defendants in the circuit court of Cook County seeking payment in the amount of $31,980, representing charges incurred between 1991 and 2001.  Count I of the complaint was directed to the liability of Salvatore as the recipient, and count II was directed to the liability of  Jacquelyn as the responsible relative.

In response, defendants filed a motion to strike and dismiss the verified complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2004)) on the grounds that all of the claims prior to June 30, 2000, were uncollectible as they were barred by the statute of limitations.  In response, the Department maintained that the notice of determination which was sent to Jacquelyn on September 14, 2004, triggered the running of the statute of limitations and that the complaint was filed well within the five-year limitations period.

In a written order, the trial court granted defendants' motion to dismiss in part and denied it in part, stating:

"Here, the Department issued nine separate 'Notices of Determination' beginning June 1, 1993. Each notice contained the statutory requirements that advised the defendants of the charges, the determination and their right to appeal. The letter of September 14, 2001, was a compilation of the charges incurred, but the original notices were issued beginning in 1996. In accord with the determination and reasoning expressed in the court in *Hefti v. State of Illinois*, supra, the statutory five-year time limit begins to run with each notice of determination and has expired for those notices that were issued prior to June 30, 2000. The letter of September 14, 2004, is effective only with respect to those charges assessed after June 30, 2000."

This appeal followed.

Because this matter comes before us in the context of a dismissal under section 2-619 of the Code of Civil Procedure (Code), we must accept as true all well-pleaded facts in the plaintiff's complaint and all inferences that may reasonably be drawn in its favor. Feltmeier v. Feltmeier, 207 Ill. 2d 263, 277 (2003). In determining whether a cause of action is untimely, we are not bound by the conclusions of the circuit court. Whether a cause of action was properly dismissed under section 2-619(1)(9) of the Code based on the statute of limitations is a matter we review *de novo*. Ferguson v. City of Chicago, 213 Ill. 2d 94, 99 (2004).

Section 5-105 of the Mental Health and Developmental Disabilities Code (Mental Health

1-05-4023

Code) (405 ILCS 5/5-105 (West 2004)), provides, in pertinent part:

> "Each recipient of services provided directly or funded by
> the Department and the estate of that recipient is liable for the
> payment of sums representing charges for services to the recipient
> at a rate to be determined by the Department in accordance with
> this Act. *** If the recipient is unable to pay or if the estate of the
> recipient is insufficient, *the responsible relatives are severally*
> *liable for the payment of those sums or the balance due in case*
> *less than the amount prescribed under this Act has been paid.*"
> (Emphasis added.) 405 ILCS 5/5-105 (West 2004).

A "responsible relative" is defined under the Mental Health Code as the spouse. 405 ILCS 5/1-124 (West 2004). Therefore, as Salvatore's spouse, Jacquelyn falls within the Code's definition of a responsible relative.

Under section 5-113 of the Mental Health Code:

> "Upon receiving a petition for review *** the Department
> shall thereupon notify the Board of Reimbursement Appeals which
> shall render its decision thereon within 30 days after the petition is
> filed and certify such decision to the Department. *** The court
> shall order the payment of sums due for services charges for such
> period or periods of time as the circumstances require, *except that*
> *no responsible relative may be held liable for charges for services*

*furnished to a recipient if such charges were assessed more than 5*
*years prior to the time the action is filed; but such 5[-]year*
*limitation does not apply to the liability of a recipient or*
*recipient's estate*." (Emphasis added.)  405 ILCS 5/5-113 (West
2004).

Under the Mental Health Code, if the recipient is unable to pay, the responsible relatives are severally liable for the payment of such sums.  In re Estate of Vandeventer, 16 Ill. App. 3d 163, 164 (1973).  No responsible relatives shall be held liable for charges assessed more than five years prior to the time the action to recover them is filed, but that five-year limitation does not apply to the liability of a patient or a patient's estate.  In re Estate of Vandeventer, 16 Ill. App. 3d at 164.   In fact, the law is well established that there is, in fact, no statute of limitations upon a claim as to a patient's estate.  See In re Estate of Grimsley, 7 Ill. App. 3d 563, 566 (1972).

Defendants maintain, however,  that the while the five-year statute of limitations under section 5-113 applies to actions or claims against Jacquelyn as the responsible relative, the five-year statute of limitations under section 13-205 of the Code of Civil Procedure should prevail to bar any claims against Salvatore, the recipient, which were incurred prior to June 30, 2000.

Section 13-205 of the Code reads in pertinent part:

"Five year limitation.  *** [A]ctions on unwritten contracts,
expressed or implied *** and all civil actions not otherwise
provided for shall be commenced within 5 years next after the

cause of action accrued."  735 ILCS 5/13-205 (West 2004).

Defendants reason that inasmuch as the Mental Health Code does not set a limitation on the filing of claims against recipients, section 13-205 of the Code should apply.  However, a clear reading of the statute indicates that it does indeed address the limitation issue.  The Mental Health Code clearly states that the responsible relative shall not be held liable for charges for services furnished to the recipient if such charges were assessed more than five years prior to the filing of the action *and* that the five-year limitation does not apply to the liability of a recipient or his estate.   Applying that language to the instant case, we hold that the Department's claims against Salvatore are still viable inasmuch as the five-year statute of limitations does not apply to him as it does to Jacquelyn, the responsible relative.

With respect to Jacquelyn, she received her one and only notice of determination on September 16, 2004, advising her that the amount due and owing for the services her husband received as a mental health patient was $31,980.  The Department maintains that the charges were assessed against Jacquelyn on September 16, 2004, when she received that notice of determination, and that inasmuch as the action was filed well within the five-year statute of limitations, *i.e.*, June 2005, this action is not time barred.

However, the Department is reading words into the statute that do not exist.  The statute does not read that such charges must be assessed "against the responsible relative" within five years.  It reads that "no responsible relative may be held liable for charges for services furnished to a recipient *if such charges were assessed more than 5 years prior to the time the action is filed*."  (Emphasis added.)  405 ILCS 5/5-113 (West 2004).  On June 1, 1993, the charges for the

period beginning December 14, 1992 and February 2, 1993, were "assessed" or established at the rate of $188 and $195 per day, respectively. On February 8, 1996, the charges for the period beginning December 13, 1994, were changed to the rate of $210 per day. Again on February 8, 1996, the charges for the period beginning February 15, 1995, were established at the rate of $242 per day. On September 12, 1996, the charges for the period beginning June 17, 1996, were established at the rate of $260 per day. On February 14, 2000, the charges for the period beginning January 30, 2000, were established at the rate of $333 per day. On March 29, 2001, the charges for the period beginning February 19, 2001, were established at the rate of $350 per day. And again on March 29, 2001, the charges for the period beginning March 4, 2001, were changed to the rate of $374 per day. And on May 23, 2001, the charges for the period beginning April 24, 2001, were established at the rate of $374 per day.

On the other hand, when Jacquelyn received her single notice of determination on September 16, 2004, she was not given an assessment of the established rates for each period as was done with Salvatore but was merely advised that the account balance due and owing was $31,980.

In ruling in favor of defendant, the trial court relied upon the case of <u>Hefti v. State of Illinois</u>, 49 Ill. Ct. Cl. 63 (1996). In that case, the claimant, the administratrix of decedent's estate, brought a wrongful death action alleging negligence by the Department of Mental Health and Developmental Disabilities for negligently causing the suicide of her son, who was a patient in one of its facilities. <u>Hefti</u>, 49 Ill. Ct. Cl. at 64. The State asked for leave to file a counter-complaint for services rendered. <u>Hefti</u>, 49 Ill. Ct. Cl. at 73. The court held that the

counterclaim, which was brought pursuant to the Mental Health Code, was untimely and cited the Mental Health Code that "no responsible relative may be held liable for charges for services furnished to a recipient if such charges were assessed more than 5 years prior to the time the action is filed." Hefti, Ill. Ct. Cl. at 73. The Court of Claims held that the countercomplaint against the decedent's mother, the responsible relative, should have been dismissed as barred as to services accruing more than five years prior to the time the counterclaim was filed.

In the instant case, we find the trial court was correct in granting the motion to dismiss with respect to Jacquelyn, the responsible relative, as to the notices of determination that were filed prior to 2001, as those charges were assessed more than five years prior to the filing of the verified complaint, and that the notice of determination sent to her on September 14, 2001, is effective only with respect to those charges assessed after June 30, 2000. The trial court was correct that the letter of September 14, 2001, was a compilation of the charges incurred and was effective only with respect to those charges assessed after June 30, 2000. The statute of limitations began to run with each notice of determination and expired for those notices issued prior to June 30, 2000. To the extent that the trial court's order dismissed the complaint against Salvatore as the recipient, we reverse.

Accordingly, the judgment of the circuit court is reversed with respect to defendant Salvatore Sciortino and affirmed with respect to Jacquelyn Sciortino and the notices that were issued prior to June 30, 2000.

Affirmed in part and reversed in part; cause remanded for further proceedings.

HOFFMAN and HALL, JJ., concur.

1-05-4023